**In re BAJ COPORATION, Debtor.**

**Bankruptcy No. 5–84–00055.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 21, 1984.

Thomas M. Germain, Bai, Pollock & Dunnigan, Bridgeport, Conn., for John Yervant.

Abram W. Spiro, Spiro & Markosky, Danbury, Conn., for debtor.

## MEMORANDUM AND ORDER ON MOTION FOR APPOINTMENT OF TRUSTEE

ALAN H.W. SHIFF, Bankruptcy Judge.

This matter is before the court upon the application of John Yervant, the debtor's lessor, for the appointment of a trustee under Code § 1104(a).[1]

### I.

On January 25, 1984, BAJ Corporation filed a petition for relief under Chapter 11 of the Bankruptcy Code and since that date has been operating its restaurant business as a debtor in possession. In support of his motion for the appointment of a trustee, Yervant claims that the debtor's manager, Julian A. Spiro, has mismanaged the debtor's restaurant in a variety of ways including:

1. the failure to keep the premises fully insured;

2. the failure to satisfy applicable building and fire safety codes;

3. the failure to convert checking accounts into trustee or debtor in possession accounts;

4. the issuance of checks with insufficient funds;

5. the failure to keep and maintain adequate books and records;

6. the failure to meet lease obligations to pay the Town of Brookfield water and sewer charges;

7. the post petition payment of a prepetition debt owed to Berlin Bros., Inc. without court approval;

8. the unauthorized loan of money to the debtor; and

9. the failure to satisfy Bankruptcy Code obligations to make timely reports.

The debtor has denied those allegations and offered evidence to prove the competent management of the debtor's restaurant by Spiro, including evidence that Spiro spent approximately 110 hours each week at the restaurant; he had a good working relationship with his suppliers and employees; he had reduced the overhead significantly; and he had steadily increased the debtor's goodwill and sales.

### II.

■ In the context of that background and on the basis of the relevant evidence adduced at trial, the arguments of counsel, and an analysis of Code § 1104(a), it is concluded that Yervant has failed to sustain the burden of proving that the appointment of a trustee is appropriate in this case.

It should be observed at the outset that counsel for Yervant offered no evidence to support the appointment of a trustee on the basis of any fraud or dishonesty on the part of Spiro, but rather concentrated his efforts on proving that Spiro mismanaged the debtor's business.

■ The legislative history of Code § 1104(a) states that the court "may order appointment only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be dispro-

---

1. Code § 1104(a) provides in pertinent part that " ... the court shall order the appointment of a trustee—
   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement, ei-

ther before or after the commencement of the case, or similar cause ...; or
   (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate ..."

portionately higher than the value of the protection afforded." House Report No. 95–595, 95th Cong., 1st Sess. (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6358. Case law on this subject supports the view that the appointment of a trustee in a Chapter 11 case is an extraordinary remedy, *In re Harlow,* 34 B.R. 668, (Bankr. E.D.Pa.1983), *In re Tyler,* 18 B.R. 574, 577 (Bankr.S.D.Fla.1982), *In re L.S. Good & Co.,* 8 B.R. 312 (Bankr.N.D.W.Va.1980; *see also* 3 *Norton Bankr.L. & Prac.* § 53.01 (1981), and that interpretation is consistent with the design of Chapter 11 which mandates management by the debtor unless a party in interest is able to prove that the appointment of a trustee is warranted.

The evidence here demonstrates that Spiro works long hours at the debtor's business; that he is a knowledgeable restauranteur; that he has a good working relationship with his employees and suppliers; and that he has, through personal contact with customers, enhanced the goodwill of the restaurant. There is no evidence that he is overpaid nor is there any evidence that a trustee could operate the business more efficiently. In fact, the evidence suggests otherwise. The evidence further demonstrates that the property is insured and that the debtor converted its checking accounts into debtor in possession accounts.

Although it is true that some of the debtor's checks have been returned due to insufficient funds; that the debtor has not paid certain sewer and water charges; that the debtor borrowed money from Spiro without authorization; and that Berlin Bros., Inc. received a relatively small post petition payment for a debt which was partially a prepetition obligation, that evidence, even in its cumulative effect, falls short of the proof necessary to justify the appointment of a trustee.

While issuing checks with insufficient funds is not condoned by this court, neither may a determination be made that that conduct in this case rises to the level of incompetence or gross mismanagement contemplated by Code section 1104(a) where it appears that Spiro thought the checks would be honored. Likewise, the fact that the debtor occasionally borrowed funds from Spiro without court authority cannot be viewed as a basis for such an appointment. It would be a distortion of reality to conclude that small businesses do not routinely borrow money from their owners. Indeed the testimony in this case suggests that the debtor regularly obtained funds from Spiro until American Express and Master Charge payments were credited to its account. There was no evidence to suggest that the loan was in any way improper except for the failure to obtain prior court approval and that approval might not have been necessary if it were in the regular course of the debtor's business to obtain short term financing in that manner.

Although the post petition payment to Berlin Bros. of a prepetition debt might be an avoidable transfer under Code § 549,[2] that section gives trustees discretion with respect to the exercise of the avoiding power[3] and there is insufficient evidence that a trustee would likely attempt such a procedure under the circumstances of this case. In fact, since Berlin Bros. is a prime supplier of the debtor, a trustee might well elect not to avoid the payment in order to reduce the risk of a disruption of deliveries to the detriment of the estate as a going concern.

■ Finally, while Yervant emphasizes the claim that the debtor's books and records are deficient, few if any specific deficiencies were proven. Instead Yervant merely produced the documents and asked the court to conclude they were inadequate. Apart from the observation that it is not this court's obligation to sift through evidence to find support for a litigant's position, a review of the documents indicates

---

2. Code § 549 provides in relevant part that "the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2) ... (B) that is not authorized under this title or by the court."

3. *See In re Ciavarella,* 28 B.R. 823, 10 B.C.D. 477 (Bankr.S.D.N.Y.1983).

that, while they are not a model for emulation, they are not so deficient as to warrant the appointment of a trustee.

 Spiro's restaurant experience and diligent efforts are of great value to the debtor. The expense of a trustee should not be thrust upon a struggling corporation where there has been an insufficient showing that either present management is incompetent or guilty of gross mismanagement, or that such an appointment is in the interest of creditors and other interests of the estate. Yervant's motion to appoint a trustee should therefore be denied and it is SO ORDERED.